IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**LEEGABE LITTLE WHIRLWIND,**

      Plaintiff,

  v.

**CARMEN TAPLIN,** and **CHRISTINE KELLEY**

      Defendants.

Case No. 3:14-cv-1144-MO

OPINION AND ORDER

**MOSMAN, J.**,

    Defendants Carmen Taplin and Christine Krisky[1] move for summary judgment and ask that Plaintiff Leegabe Little Whirlwind's claims be dismissed with prejudice for failure to state a claim upon which relief can be granted. Because Mr. Little Whirlwind fails to present evidence that would support a rational finding that Defendants violated the Indian Child Welfare Act ("ICWA"), I grant Defendants' motion.

## Background

    Mr. Little Whirlwind is a prisoner in the custody of the Oregon Department of Corrections. While Mr. Little Whirlwind was in prison, his 2-year-old daughter, S.L.W., was in a car accident with her mother, Joy Deann Allen. Ms. Allen was charged with reckless driving, endangering another person, fourth-degree assault, driving without a license, and unlawful possession of a controlled substance. Although the timing is unclear, Mr. Little Whirlwind alleges that Ms. Allen was subsequently incarcerated.

---

[1] Ms. Krisky is incorrectly identified as "Christine Kelley" in the caption of this case.

Mr. Little Whirlwind further alleges that following the car accident, Ms. Taplin, who works as a Social Service Specialist for the Oregon Department of Human Services ("ODHS"), placed S.L.W. in foster care with Ms. Allen's extended family. Mr. Little Whirlwind alleges that Defendants failed to notify him or the Northern Cheyenne Tribe of this placement. Ms. Taplin and Ms. Krisky, who also works as a Social Service Specialist for ODHS, both deny that ODHS ever placed S.L.W. in any form of foster care.

## Legal Standard

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Materiality depends on the substantive law and is determined by looking to whether the fact "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The initial burden for a motion for summary judgment is on the moving party to identify the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once that burden is satisfied, the burden shifts to the nonmoving party to demonstrate, through the production of evidence listed in Fed. R. Civ. P. 56(c)(1) that there remains a "genuine issue for trial." *Celotex*, 477 U.S. at 324. The non-moving party may not rely upon the pleading allegations. *Brinson v. Linda Rose Joint Venture*, 53 F.3d 1044, 1049 (9th Cir. 1995) (citing Fed. R. Civ. P 56(e)). All reasonable doubts and inferences to be drawn from the facts are to be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

**Discussion**

**I.      Mr. Little Whirlwind's Claim**

It is unclear from Mr. Little Whirlwind's complaint what discrete right he alleges Defendants violated. Therefore, before getting to Defendants' Motion for Summary Judgment, it is important to identify Mr. Little Whirlwind's precise legal claim.

Mr. Little Whirlwind brings his claims under 42 U.S.C. § 1983 and the Child Custody Proceedings Subchapter of ICWA, generally. Within the Child Custody Proceedings Subchapter, the only section concerning rights of notification is 25 U.S.C. § 1912(a). Section 1912(a) mandates that "the party seeking the foster care placement of . . . an Indian child [through involuntary state court proceedings] shall notify the parent or Indian custodian and the Indian child's tribe." 25 U.S.C. § 1912(a) (2014); *see Navajo Nation v. Superior Court of State of Wash. for Yakima Cnty.*, 47 F. Supp. 2d 1233, 1238 (E.D. Wash. 1999) (explaining that the notice required under § 1912 is the only notice expressly required by ICWA) *aff'd sub nom. Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041 (9th Cir. 2003). Furthermore, ICWA defines "foster care placement" as

> any action removing an Indian child from its parent or Indian custodian for temporary placement in a foster home or institution or the home of a guardian or conservator where the parent or Indian custodian cannot have the child returned upon demand, but where parental rights have not been terminated.

25 U.S.C. § 1903 (2014). Accordingly, if Defendants placed Mr. Little Whirlwind's daughter in the care of Ms. Allen's family while Ms. Allen was incarcerated—stripping her ability to have her child returned to her on demand—Defendants' actions qualify as "foster care placement." If Defendants sought to achieve this end through involuntary state court proceedings, they had an obligation to notify Mr. Little Whirlwind or the Northern Cheyenne Tribe. Consequently, Mr. Little Whirlwind's present legal claims can best be interpreted as an allegation that Defendants

violated 25 U.S.C. § 1912(a) by failing to notify either Mr. Whirlwind or the Northern Cheyenne Tribe of his daughter's foster care placement.

## II.     Defendants' Motion for Summary Judgment

Defendants' Motion for Summary Judgment correctly points out that Mr. Little Whirlwind fails to present any evidence that either Ms. Taplin or Ms. Krisky initiated foster care placement, termination of parental rights, or any other court proceedings in relation to S.L.W. *See* Decls. of Christine Krisky and Carmen Taplin [23], [24] (explicitly denying that ODHS engaged in any such activities). In support of his claim, Mr. Little Whirlwind submits five exhibits: (a) a newspaper article recounting the car accident involving S.L.W. and Ms. Allen; (b) a blank "Verification of ICWA Eligibility" form; (c) an unsigned "Authorization for Use and Disclosure of Information" form otherwise filled out to allow Mr. Little Whirlwind's attorney to disclose "any and all case records" to Ms. Taplin for a Child Safety Assessment; (d) a Washington County police call log recounting that Ms. Allen did not show up to pick up S.L.W. on October 7, 2013; and (e) assorted pages from Ms. Allen's Petition for Custody and Parenting Time. Pl.'s Resp. to Defs.' Mot. for Summ. J. [37] Ex. A–E. However, none of these documents support a reasonable inference that Defendants initiated an involuntary state court proceeding to place S.L.W. in the foster care of Ms. Allen's family.

Furthermore, to the extent Mr. Little Whirlwind interprets Defendants' declarations as admissions that S.L.W. was placed into foster care, he misreads the declarations. Rather than stating "Joy Deann Allen, placed [S.L.W.] into foster care," as Mr. Little Whirlwind reads the declarations; the declarations instead state "DHS has never taken [S.L.W.] into DHS custody, removed [S.L.W.] from the care of her custodial parent, *Joy Deann Allen, placed [S.L.W.] into foster care*, . . . or initiated any other court proceedings relating to [S.L.W.]." Decls. of Christine

Krisky and Carmen Taplin [23], [24] (emphasis added). Accordingly, Mr. Little Whirlwind's reading of the phrase in question is incorrect: the declarations do not admit that S.L.W. was placed in foster care.

Since Mr. Little Whirlwind offers no other factual support that would allow a rational trier of fact to find that Defendants violated 25 U.S.C. § 1912(a), there is no "genuine issue for trial." *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## Conclusion

For the reasons stated above, I GRANT Defendants' Motion for Summary Judgment. Mr. Little Whirlwind's claims are dismissed with prejudice.

IT IS SO ORDERED.

DATED this __20th__ day of February, 2015.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge